# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ROBIN BARREN, | Case No. 2:24-cv-00976-GMN-BNW |
| Petitioner, | |
| v. | **ORDER** |
| JAMES DZURENDA, et al., | |
| Respondents. | |

      Petitioner Donald Robin Barren, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2241.  This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Barren's Ex Parte Motion re Amended Petition (ECF No. 7).  The Court instructed Barren to file an Application for Leave to Proceed *In Forma Pauperis* or pay the filing fee and file an Amended Petition on the Court's required form. ECF No. 3.  Barren timely complied. ECF Nos. 5, 6.  The Court summarily denies the Amended Petition because it is without merit on its face.

      Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

      This Court denied Petitioner federal habeas corpus relief in 2012. *See Barren v. Skolnik*, Case No. 2:09-cv-01202-RFB-VCF, ECF Nos. 71, 72.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244.  Barren has already received federal habeas review of his conviction.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[2] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so). Accordingly, the Court denies the Petition and dismisses this action.

**IT IS THEREFORE ORDERED:**

1. Petitioner Donald Robin Barren's Amended Petition for Writ of Habeas Corpus (ECF No. 6) is denied.
2. Barren's Ex Parte Motion re Amended Petition (ECF No. 7) is denied as moot.
3. Barren is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.
4. The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED:   July 18, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[2] The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*