1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DONALD ROBIN BARREN,

                        Petitioner,

    v.

JAMES DZURENDA, et al.,

                      Respondents.

Case No. 2:24-cv-00976-GMN-BNW

**ORDER**

Petitioner Donald Robin Barren, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2241. This closed habeas matter is before the Court on Barren's Motion for Court Order (ECF No. 10), Motion for Certificate of Appealability (ECF No. 12), and Express Request for Certificate of Appealability (ECF No. 13).

## Background

Barren initiated this federal habeas proceeding in May 2024. ECF No. 1-1. This Court denied Barren federal habeas corpus relief in 2012. *See Barren v. Skolnik*, Case No. 2:09-cv-01202-RFB-VCF, ECF Nos. 71, 72. The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. As such, the Court determined that Barren already received federal habeas review of his conviction and informed him that in order to receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[1] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so). Accordingly, the Court denied the Petition, denied Barren a certificate

---

[1] The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection*, *Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

of appealability, and dismissed this action. ECF No. 8.

Barren has filed a notice of appeal of the Court's Order denying his Petition and certificate of appealability. ECF No. 11.  It appears that Barren filed a motion for certificate of appealability, or in the alternative, a motion to file a second or successive habeas petition that remains pending before the Ninth Circuit.

## Discussion

### I.      Motion for Court Order

Barren requests a copy of his amended Petition.  Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).  The fundamental constitutional right of access to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996).

Federal courts do not allow prisoners or any other litigants to accrue copy fees—payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees).[2]  Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases. LSR 1-7 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

As a one-time courtesy to Barren, the Court will instruct the Clerk's office to send him one copy of his amended Petition (ECF No. 6).  Accordingly, Barren's motion is granted to the extent

---

[2] Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States Courts. A fee of 50¢ per page is charged for court staff to reproduce any record or paper filed in a case. *See* Fee Schedule, available on the court's website at https://www.nvd.uscourts.gov/court-information/fee-schedule/.

he requests a copy of his amended Petition.

## II. Motions for Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability ("COA") may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). District courts are required to rule on the COA in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254. In this case, the Court found that reasonable jurists would not find the Court's dismissal of the Petition to be debatable or wrong and denied Barren a COA in its July 18, 2024, Order. ECF No. 8. Accordingly, Barren's motions are denied.

To the extent that Barren is seeking reconsideration, he does not set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) it there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Barren's motions do not present newly discovered evidence, show that the Court committed clear error, show that the initial decision was manifestly unjust, or demonstrate an intervening change in controlling law. To the extent Barren seeks reconsideration of the Court's Order denying him a COA, his motions are denied.

## IT IS THEREFORE ORDERED:

1. Petitioner Donald Robin Barren's Motion for Court Order (ECF No. 10) is granted to the extent he requests a copy of his amended Petition.

2. The Clerk of the Court is instructed to send Barren a copy of his amended Petition (ECF No. 6).

3. Barren's Motion for Certificate of Appealability and Express Request for Certificate of Appealability (ECF Nos. 12, 13) are denied.

4. To the extent Barren's Motion for Certificate of Appealability and Express Request for Certificate of Appealability (ECF Nos. 12, 13) seek reconsideration of this Court's July 18, 2024, Order, his Motions are denied.

DATED:  October 7, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE